Parker, C. J.,
delivered the opinion of the Court (5)
This case must be considered an experiment to ascertain whether, under such a state of facts, an action can be maintained, No authority m favor of it has been found by the plaintiff’s counsel, and this is of itself pretty decisive against the action. The promise of the defendant is, to save the plaintiff harmless from any loss he might sustain in consequence of signing a custom-house bond for duties on goods imported by the defendant.
The common construction of such a contract is, that if the surety is obliged to pay the bond, by suit or otherwise, the principal shall repay him the sum he has been obliged to advance, together with all such reasonable expenses as he may have been obliged to incur, and which may be considered as the necessary consequence of the neglect of the principal to discharge his own debt.
But extraordinary expenses, which might have been avoided by payment of the money, or remote and unexpected consequences, are never considered as coming within the contract. Tims if a surety, by reason of being obliged to pay money for his principal, becomes embarrassed in his business, and is finally obliged to abandon *it, it is not expected that [ * 173 ] the principal will be held to indemnify him for this consequential misfortune. It is not the natural and necessary effect of his becoming surety, but is occasioned by his undertaking to do what he was not in a condition to perform.
So any loss or expense, occasioned by an attempt to avoid payment of an obligation, cannot have been contemplated by the parties as a subject of indemnity, the true meaning of the contract being, that if the surety pays voluntarily, he shall be reimbursed ; •if he is compelled by suit to pay, he shall also be indemnified for his costs and expenses. Flight, to avoid payment of the debt, is *140 an accident wholly unforeseen, and its consequences cannot be considered as provided for. The principal had a right to calculate upon his surety’s ability to pay, and did not stipulate to save him harmless from any thing but the payment of money. If the surety were put in prison, or if his goods were sold at a sacrifice, these would not be legal grounds of suit for indemnity, because they might be avoided by payment, which he must be considered as stipulating he was able to make.
The indefinite nature and extent of such damages as are claimed in the present action, is also a sufficient objection to the character of the action itself. If a surety, who flies to avoid payment, can recover an indemnity for all the consequences of his flight, such as his loss of business, loss of debts, expenses of removing and supporting his family, the principal would have no means of protecting himself against extravagant claims; so that the danger would rather lie in having a surety, than in becoming one, which has heretofore been thought to be attended with the most hazard. And such are the losses which the present action is brought to repair.
If the principle on which the action is founded is correct, there would be no measure between the original debt and the subsequent liability of the debtor. His surety for a hundred [ * 174 ] dollars, flying to avoid payment of that * sum, might incur expenses to the amount of a thousand, all of which he would have as good a right to claim as any part of it. If the natural limit of such a contract, which is indemnity for the debt and the necessary expenses of obtaining payment, are passed, there seems to be no assignable bounds to the consequences of such a contract.
In the case before us, therefore, if the facts had all been proved by legal evidence, we think they would show no damages for which the plaintiff is entitled to recover. It certainly may be doubted whether the British acquired any property which could have been enforced in any of their own courts of law, in the bonds which were taken possession of when they captured Eastport; and it is not easy to see what process would have been resorted to, to enforce payment. They could not be viewed as assignees; and if they proceeded in rem in their admiralty courts, that would not have produced the money. It does not appear that the right was ever insisted on; and the bonds have been paid to the United States by the principals.
Had the plaintiff been arrested on any suit, and, to liberate himself, paid the money, or had he defended against the suit at his own expense, his claim would stand on more plausible grounds. At present, it rests only on his having fled to avoid a suit, problem *141 atical at least in its issue. He has never paid any money on account of the bond which he signed, or as the necessary consequence of his signing it. The nonsuit must stand.

Costs for the defendant.

 The justices, Jackson and Putnam, did not sit in the hearing of this cause o$ account of their affinity to the defendant